Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50121 | **DATE** | 9/4/2003 |
| **CASE TITLE** | Moule vs. Winnebago County | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion to dismiss the amended complaint and Sorenson and the public defender's office's motion for enlargement of time.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse, the motion to dismiss of Winnebago County, the Winnebago County Board and Sorenson based on the State being the employer is denied. Sorenson and the Public Defender's Office's motion to dismiss Count IV as time-barred is granted. The Public Defender's Office's motion to dismiss it as a non-suable entity is also granted. The court further sua sponte dismisses the Winnebago County Board as a non-suable entity, dismisses Sorenson as a defendant in both her individual and official capacities, and dismisses Count III of the amended complaint. The court also denies the motion for enlargement of time as moot.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

# MEMORANDUM OPINION AND ORDER

Plaintiff, Mary K. Moule, filed a four-count, amended complaint, naming as defendants the County of Winnebago(County), the Winnebago County Board(Board), the Winnebago County Public Defender'sOffice, and Karen Sorenson, in her individual capacity and official capacity as Winnebago County Public defender. The amended complaint alleges in Count I a violation of the Age Discrimination in Employment Act(ADEA), in Count II a wilful violation of the ADEA, in Count III a civil rights violation pursuant to 42 USC § 1983 and based on the ADEA, and in Count IV a state law claim of intentional infliction of emotional distress. The County and the Board moved to dismiss the amended complaint, contending that they are not employers of plaintiff because, as an assistant public defender, she was an employee of the State of Illinois not the County. Picking up on this contention, Sorenson argues that the suit against her in her official capacity is barred by the Eleventh Amendment. Alternatively, Sorenson and the Public Defender's Office maintain Count IV is time-barred under Illinois law and that the Public Defender's Office is not an entity subject to suit. Plaintiff concedes these latter two contentions.

The dispositive issue as to the motions to dismiss of the County, the Board, and Soreneson in her official capacity is whether the public defender(or an assistant) is a state or county employee under Illinois law.

The Illinois Supreme Court has ruled that public defenders are county rather than state employees. See Johnson v. Halloren, 194 Ill. 2d 493, 496-97 (2001); see also Kurata v. Silverman, 95 Ill. App. 3d 89 (1981)(holding public defender is county employee for purpose of applying county personnel policy). While prior Seventh Circuit cases have held that under Illinois law a public defender is a state employee, see, e.g., Warren v. Stone, 958 F. 2d 1419 (7th Cir. 1992), those cases were decided without the benefit of the Halloren decision, see Sapienza v. Cook County Office of the Public Defender, 128 F. Supp. 2d 563, 568 (N.D. Ill. 2001)(applying Halloren rather than Warren). Because a federal court relies on Illinois law to characterize government agencies within Illinois, the Halloren decision is controlling here. In light of the more recent case of Halloren, this court concludes that under Illinois law a public defender is an employee of the county for purposes of a wrongful termination action. Halloren is not distinguishable on the basis it addresses the employment status of the Cook County Public Defender(who is appointed by the president of the Cook County Board) as most of the factors discussed as relevant were equally applicable to public defenders outside of Cook County. See Halloren 194 Ill. 2d at 496-97.

Defendants' reliance on Orenic v. Illinois State Labor Relations Board, 127 Ill. 2d 453 (1989), is misplaced as that case is limited to the narrow context of labor relations. Its limited context is supported by the fact that the Halloren decision does not mention it.

Because the court finds that the public defender is an employee of the county rather than the state, the motion to dismiss based on sovereign immunity and the motion to dismiss based on the assertion that the County and Board are not plaintiff's employers are denied. The motion to dismiss the Public Defender's Office as a party and the motion to dismiss Count IV as time-barred are granted.

The court sua sponte dismisses the Board as a defendant as it is not a suable entity. See Wright v. Board of County Commissioners of Cook County, 1999 WL 1249313 (N.D. Ill. Dec. 17, 1999); Fabiszak v. Will County Board of Commissioners, 1994 WL 698509 (N.D. Ill. Dec. 12, 1994). The court also dismisses Sorenson as a defendant in both her individual capacity as she cannot be sued as a supervisor under the ADEA, see Matthews v. Rollins Hudig Hull Co., 72 F. 3d 50, 52 (7th. Cir. 1995), and her official capacity as that is duplicative of the claim against the County, see Alicea v. City of Chicago, 2002 WL 1021553, at *3 (N.D. Ill. May 20, 2002); A. Kelly's Garage, Inc. v. City of Northbrook, 2000 WL 1889671, at *5 (N.D. Ill. Dec. 28, 2000). The court also dismisses Count III of the amended complaint because a section 1983 action cannot be based upon an alleged violation of the ADEA. See Waid v. Merrill Area Pub. Sch., 91 F. 3d 857, 861-62 (7th. Cir. 1996). The motion by Sorenson to file a further response to the amended complaint pursuant to Rule 6(b)(1) is denied as moot.